IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 11-cv-01530-RPM

TRADEBANK INTERNATIONAL FRANCHISING CORP. and
TRADEBANK INTERNATIONAL, INC.,

      Plaintiffs,

v.

COMMUNITY CONNECT, LLC, d/b/a Community Connect Trade Assoc.,
WILLIAM RIGGS, and
ANNETTE RIGGS,

      Defendants.

## ORDER ON PENDING MOTIONS

Four motions are currently pending.

<u>Defendants' motion for reconsideration (#60)</u>

On February 25, 2013, the court granted the plaintiffs' motion for dismissal of the defendants' second, fourth and fifth counterclaims and granted the plaintiffs' motion *in limine* directed to anticipated expert testimony of Harold Rice as a witness for the defendants. On March 19, 2013, the defendants moved for reconsideration of those two orders, seeking clarification that the orders entered because the underlying issues were "moot." The defendants represent that they had voluntarily withdrawn the counterclaims and had voluntarily removed Rice from their expert witness list.

The defendants' motion for reconsideration is denied. The defendants filed a written opposition to the plaintiff's motion for dismissal of the counterclaims, and the plaintiffs' motion *in limine* apparently is what prompted the defendants' withdrawal of their designation of Rice as an expert witness.

The plaintiffs' requests for attorneys' fees associated with the motion to exclude the expert testimony of Rice will be determined after the trial on the merits of the plaintiffs' claims and the defendants' remaining counterclaims.

<u>Defendants' motion for protective order (#61)</u>

On March 19, 2013, the defendants moved for a protective order, seeking to quash the notice of Rule 30(b)(6) deposition served on defendant Community Connect on January 21, 2013, and a Rule 45 subpoena duces tecum served March 4, 2013, which sought attendance at a deposition on April 5, 2013. The plaintiffs' requested discovery is directed to the defendants' profits attributable to former Tradebank clients.

The plaintiffs' discovery request was discussed at the trial preparation conference and the plaintiffs have proceeded as the court advised. The defendants' motion for protective order is denied.

<u>Defendants' motion pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the plaintiffs' second, fifth, sixth and seventh claims for relief (#64)</u>

On April 30, 2013, the defendants moved pursuant to Fed.R.Civ.P. 12(b)(6) to dismiss the plaintiffs' claims of tortious interference with prospective business relations (the second claim); unjust enrichment (the fifth claim); misappropriation of trade secrets (the sixth claim) and unfair competition (seventh claim). The defendants argue that the allegations of the

complaint are insufficient with respect to those claims.  The defendants' motion does not rely on any evidence and is not considered a motion under Fed.R.Civ.P. 56.

A motion pursuant to Rule 12(b)(6) "must be made before pleading if a responsive pleading is allowed." Fed.R.Civ.P. 12(b).  Because the defendants did not attack the sufficiency of the allegations before they filed their answer on August 29, 2011, any motion asserting failure to state a claim must be made pursuant to Rule 12(c) or at trial.  The defendants' Rule 12 motion – filed after the court had convened a pretrial conference and a trial preparation conference – is untimely.

The defendants' Rule 12 motion also fails because the plaintiffs' factual allegations are adequate as to the elements of the challenged claims.  With respect to the second claim, intentional interference with prospective business advantage does not require proof of underlying contract having a definite term, and it is not a defense that the underlying business relationship could have been terminated "at will." *See Harris Group, Inc. v. Robinson*, 209 P.3d 1188 (Colo.Ct. App. 2009) (describing elements of intentional interference with prospective business advantage).  Whether the defendants' conduct constituted "wrongful means" or "justifiable business competition" depends on disputed factual matters to be determined at trial.  The plaintiffs' identification of business relationships purportedly lost is a question of damages and a matter of proof for trial.

With respect to the fifth claim (unjust enrichment), the complaint adequately alleges that the defendants received a benefit from the plaintiffs in the form of profits from "poached" customer relationships. With respect to the sixth claim (misappropriation of trade secrets), the complaint adequately identifies the subject "trade secrets" as customer names and information.

Contrary to the defendants' argument, trade secrets are not limited to "scientific or technical information, design, process, procedure formula, or improvement." The complaint alleges that Tradebank protected its trade secrets, including customer names and information, through confidentiality provisions in its Franchise Agreements and other means, such as maintaining a password-protected database. Whether the plaintiffs have adequate proof of damages resulting from the alleged misappropriation of its confidential information is a matter to be determined at trial.

With respect to the seventh claim (unfair competition), a plaintiff asserting such a claim under Colorado law must show: (1) the defendant copied the plaintiff's products or services or misappropriated its name or operations; (2) the defendant's conduct was likely to deceive or confuse the public because of difficulties in distinguishing between the plaintiff's and the defendant's products and services; and (3) the plaintiff incurred damages as the direct result of the defendant's unfair competition. *See NetQuote, Inc. v. Byrd*, 504 F. Supp. 2d 1126, 1131 (D. Colo.2007); *Powell Products, Inc. v. Marks*, 948 F. Supp. 1469, 1476 (D. Colo.1996).

The plaintiffs allege that "Porter created confusion among Tradebank customers, such that customers were unaware that their business was being diverted to a competing barter exchange." Compl. ¶ 108. The complaint also states, "Porter used Tradebank telephone numbers, offices and e-mail addresses while actually soliciting customers for Community Connect, providing the appearance that such solicitations were made on behalf of Tradebank." Compl. ¶ 109. Whether the plaintiffs' evidence is sufficient to prove those factual allegations is a matter to be determined at trial.

<u>Defendants' motion to dismiss pursuant to Fed.R.Civ.P. 41(b) (#65)</u>

On April 30, 2013, the defendants filed a second motion for dismissal pursuant to Rule 41(b), accusing the plaintiffs of failing to prosecute this action diligently.

"Pursuant to Federal Rule of Civil Procedure 41(b), a district court may dismiss an action with prejudice if the plaintiff fails to comply with [the Federal Rules of Civil Procedure] or any order of court. A district court may dismiss an action under Rule 41(b) after finding that certain enumerated criteria support a dismissal. These criteria include (1) the degree of actual prejudice to the defendant; (2) the amount of interference with the judicial process; (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Olsen v. Mapes*, 333 F.3d 1199, 1204 (10th Cir. 2003) (quotations and citations omitted).

The defendants' motion does not address the factors relevant to dismissal under Rule 41. They have not shown that the plaintiff failed to comply with any procedural rule or court order. The plaintiffs' failure to designate an expert witness is not a ground for dismissal. If defendants have objections to trial exhibits designated by the plaintiffs, such objections may be made according to the Fed.R.Civ.P. 26(a)(3).

Based on the foregoing, it is

ORDERED that the defendants' motion for reconsideration [#60] is denied; it is

FURTHER ORDERED that the defendants' motion for protective order to quash notice of deposition [#61] is denied; it is

FURTHER ORDERED that the defendants' motion for dismissal of plaintiffs' second, fifth, sixth and seventh claims pursuant to Fed.R.Civ.P. 2(b)(6) [#64] is denied, and it is

FURTHER ORDERED that the defendants' motion to dismiss pursuant to Fed.R.Civ.P. 41 [#65] is denied.

A trial date and a second trial preparation conference will be set after determining the schedules of counsel.

Dated:  June 25, 2013

BY THE COURT:

s/Richard P. Matsch

Richard P. Matsch, Senior District Judge